CRICHTON, J.,
additionally concurs and assigns reasons:
|7I agree with the majority’s decision to deny this writ application. I write separately to note that this court in State v. Young[1] specifically declined to overturn its decision in State v. Stucke, 419 So.2d 939, 945 (La.1982), which barred the admissibility of expert testimony on eyewitness identification. As the majority opinion pointed out in Young, the reasons for the exclusion of such expert testimony are important: (1) such expert testimony does not satisfy the standard for admission under La. C.E. art. 702; (2) the testimony can be more prejudicial than probative because it focuses on the things that produce error without reference to those factors that improve the accuracy of identifications; the testimony also presumes a mis-identification, which fosters a disbelief of eyewitnesses by jurors; (3) the concept of promoting “battles” of experts concerning whether the testimony of every witness is truthful and reliable is not desirable; final *352 ly, and arguably most importantly, (4) such expert testimony invades what is considered the exclusive province of the jury. Young, 09-1177, pp. 13-14, 35 So.3d at 1050. See also, State v. Darrill M. Henry, 14-1869 (La.4/10/15), 164 So.3d 831, writ denied, 164 So.3d. 831 (Clark, J., concurring in the writ denial). In my view, Judge Madeleine Landrieu’s dissent below provides rich material and fascinating observations suitable for academic debate, but this court chooses to follow its firmly established precedent. For these reasons, the court of appeal properly reversed the district court’s ruling to admit the expert eyewitness identification testimony.

. 09-1177, p. 13 (La.4/5/10), 35 So.3d 1042, 1050.